IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLOVERLEAF GOLF COURSE, INC.,**

**Plaintiff,**

**v.**

**FMC CORPORATION,**

**Defendant.**                                    Case No. 11-cv-190-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court are three pending motions: defendant's motion to dismiss and claim of constitutionality (Doc. 14), defendant's motion to transfer the case (Doc. 17), and defendant's motion to stay discovery (Doc. 39). In the latter motion, defendant requests that the Court stay discovery in this case until the Court decides defendant's motion to dismiss (Doc. 14) and the Federal Circuit decides *FLFMC v. Wham-O*, No. 11-1067. Specifically, defendant contends that the Court should stay discovery until it decides whether relator's complaint satisfies Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement and the Federal Circuit decides in *Wham-O* whether the false marking statute is unconstitutional. For the reasons that follow, the Court denies defendant's motion to stay discovery (Doc. 39) and defers ruling on defendant's motion to dismiss (Doc. 14) and motion to transfer (Doc. 17) until the time period for filing briefs on the constitutionality

issue in the motion to dismiss has passed. See Doc. 34 (allowing plaintiff and defendant until August 13, 2011, to file their response briefs, if any, and giving the government until August 27, 2011, to file any replies thereto).

**I. Background**

On March 11, 2011, relator filed its complaint (Doc. 2), alleging that defendant violated 35 U.S.C. § 292(a) by falsely marking articles with expired patents for the purpose of deceiving its competitors and the public into believing that such articles are covered by falsely marked patents. Specifically, relator alleged ten counts, claiming that defendant falsely marked its products with the following patent numbers: 1) 4,024,163 (the "163 patent"); 2) 4,238,505 (the "505 patent"); 3) 4,394,506 (the "506 patent"); 4) 4,547,215 (the "215 patent"); 5) 4,818,275 (the "275 patent"); 6) 4,921,696 (the "696 patent"); 7) 4,976,886 (the "886 patent"); 8) 5,125,958 (the "958 patent"); and 9) 5,163,995 (the "995 patent"). In count ten, relator alleged that defendant marked its products with the following language: "U.S. Patent No. XXXXXXXXXX" or "U.S. Patent No. XXX XXXX." Attached to the complaint were fifty-eight exhibits.

On May 11, 2011, defendant filed its motion to dismiss and claim of constitutionality (Doc. 14), its notice to the government of its constitutionality claim (Doc. 16), and a motion to transfer the case (Doc. 17). The government filed a motion to intervene (Doc. 32), and the Court granted that motion (Doc. 34), giving the government until July 13, 2011, to file a brief defending the constitutionality of § 292. The order also gave the parties until August 13, 2011, to file a responsive

brief (if any), and the government until August 27, 2011, to file a reply to any response filed. The government has filed its motion (Doc. 47) but as of the date of this order no responses have been filed by either party.

On June 22, 2011, relator filed a response (Doc. 37) to defendant's motion to dismiss, and the next day the government filed a reply (Doc. 38). On June 27, 2011, defendant filed its motion to stay discovery (Doc. 40). Relator filed its response to that motion (Doc. 42) and defendant filed a reply (Doc. 43). On July 11, 2011, defendant filed a reply (Doc. 48) to relator's response to the motion to dismiss. That same day, Magistrate Judge Williams held a telephone status conference, noting that a scheduling order would not be entered at this time, and scheduled a telephone status conference for August 15, 2011, at 10:30 a.m.

## II. Analysis

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 129 S. Ct. 2275, 2277 (2009). District courts have extremely broad discretion in controlling discovery. See *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court has discretion under Federal Rule of Civil Procedure 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence. *Britton*, 512 U.S. at 598. Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim

on which relief can be granted, although the mere filing of the motion does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). However, a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, see *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988), or pending resolution of qualified immunity claims, see *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990), see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009)("The basic thrust of the of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery."). "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Here, the defendant relies primarily on the Federal Circuit's decision *In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011), in which the Federal Circuit held that Rule 9(b)'s particularity requirements apply to false marking claims, to support its argument that the discovery should be stayed pending a decision on whether plaintiff has met the pleading requirements of Rule 9(b). *Id.* at 1309. In *In re BP Lubricants USA Inc.*, the Federal Circuit took the extraordinary measure of issuing a writ of mandamus directing the district court to dismiss the complaint with leave to amend because it was the first time the

Federal Circuit had decided whether Rule 9(b) applied to false marking cases and the requisite level of pleading required in those cases. *Id.* at 1313.

In that case, the complaint alleged that defendant's patent expired on February 12, 2005, and defendant continued to mark its product with the patent numbers after the patent expired. The complaint asserted that "upon information and belief" defendant "knew or should have known" that the patent expired, that defendant was a sophisticated company who had experience applying for, obtaining, and litigating patents, and that defendant marked its products with the patent numbers for the purpose of deceiving the public and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

Before addressing the merits of whether the complaint was sufficiently plead, the Federal Circuit began by holding that Rule 9(b)'s particularity requirements, i.e., to plead "with particularity the circumstances constituting fraud or mistake," apply to false marking claims under § 292. The Court reasoned that "[t]he Rule acts as a safety value to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery." *Id.* at 1310. "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at 1311.

Accordingly, the Federal Circuit looked to its decision in *Exergen*

*Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), for its holding that "although 'knowledge' and 'intent' may be averred generally and that a plaintiff may plead upon information and belief under Rule 9(b), 'our precedent . . . requires that the pleadings allege sufficient facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Id.* at 1311 (quoting *Exergen*, 575 F.3d at 1327). "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311; see *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) ("Intent to deceive, while subjective in nature, is established by objective criteria. Thus, 'objective standards' control and 'the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.'") (citations omitted).

    With those principles in mind, the Federal Court rejected each of plaintiff's arguments. First, the court found that plaintiff's bare assertion that defendant is a "sophisticated company and has experience applying for, obtaining, and litigating patents" provided "no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired." *Id.* at 1312. Second, the court rejected plaintiff's contention that a false marking claim inherently shows scienter, requiring more than a mere statement that something is false. *Id.* Third, the court found, despite plaintiff's argument to the contrary, that *Exergen's* pleading requirements were applicable,

they just "must be applied in a fashion that relates to false marking claims." *Id.* For example, intent to deceive could reasonably be inferred by alleging "that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." *Id.* Finally, the court clarified that its holding in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010), that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent," was simply a factor in determining whether Rule 9(b) was satisfied. *Id.* at 1312-13. "'[T]he bar for proving deceptive intent [in false marking cases] is particularly high,' requiring that the relator show 'a purpose of deceit, rather than simply knowledge that a statement is false.'" *Id.* at 1313 (quoting *Pequignot*, 608 F.3d at 1363). Thus, the court directed the district court to dismiss the complaint with leave to amend. *In re BP Lubricants USA Inc.*, 637 F.3d at 1313.

From *In re BP Lubricants USA Inc.*, the Court concludes that a plaintiff must allege sufficient facts from which the Court can reasonably infer an intent to deceive, that is, a plaintiff must show a purpose of deceit rather than simply knowledge that a statement is false. *Id.* at 1311-13. "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311. Alleging that defendant should have known the patent expired, that defendant is a sophisticated company with experience in patents, and that defendant made a

false statement that it knew was false is not enough. *Id.* at 1312-13. If plaintiff has not shown a purpose of deceit, then the case should not proceed to discovery. *Id.* at 1310-11.

Here, we find that relator's complaint has shown in at least one of its counts a purpose of deceit by alleging sufficient facts from which the Court can reasonably infer an intent to deceive. In plaintiff's complaint, plaintiff alleges that defendant made the representation in its 2009 annual report which it attached to the complaint that "[t]he duration of our patents depends on their respective jurisdictions" and that "[t]heir expiration dates range through 2029." Plaintiff then alleges in several places throughout the complaint that defendant marked its products with expired patents presumably after this annual report was issued. This provides some objective indication from which the Court can reasonably infer that defendant was aware that its patent expired. By stating that defendant's patent's "expiration dates range through 2029" it can be inferred that defendant calculated its patent expiration dates and knew when they expired. The fact that a patent was expired coupled with proof that defendant had knowledge that it was expired is enough to warrant drawing the inference that there was a purpose to deceive.

Furthermore, intent to deceive could also be reasonably inferred from plaintiff's allegations that defendant made multiple revisions to the marking after the patent expired. For example, plaintiff makes multiple allegations that labels for many of defendant's products were reviewed and/or revised after the

expiration of several patents, yet the "label, insert and/or packaging" of the products continued to contain the expired patents.  Accordingly, this case should proceed to discovery.

Based upon the reasons stated above, the Court finds that defendant has not met its burden regarding a stay of discovery.  The Court cannot presume that the motion to dismiss will be granted and at first blush it does not appear well founded.  Moreover, even if defendants' motion to dismiss is successful and the Court concludes relator's claims are insufficient, dismissal, without an opportunity to file an amended complaint, is rare. See *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005).  In fact, in relator's response to defendant's motion to dismiss (Doc. 37), relator seeks leave to amend if the complaint fails to meet Rule 9(b), contending that "it can cite numerous [defendant] documents where [defendant] rampantly marked products with expired patents that identify multiple modifications of the patent markings at issue and witnesses with knowledge."  If what relator claims is true, it would behoove relator to file a motion to amend its complaint with these specific allegations prior to the Court ruling on the motion to dismiss.  While the Court has found that relator's complaint generally survives Rule 9(b) scrutiny, it does not conclude that each of relator's ten counts necessarily do.

As to defendant's argument with regard to the *Wham-O* case pending before the Federal Circuit, the Court will not speculate as to the outcome of that case or when it will be decided.  It could take months before that case is decided

and then even more time if a petition for rehearing is filed or if a petition for a writ of certiorari is filed with the Supreme Court. If the Court granted that writ, the parties would again likely ask for another stay. Furthermore, relator contends that the Federal Circuit will not likely entertain the constitutionality issue in *Wham-O* because it was not raised in the district court and was not properly raised on appeal. Again, the Court refuses to speculate on what rulings and issues the Federal Circuit will make. Rather, the Court will entertain arguments based on the *Wham-O* case after that case is decided, whenever that time may be. The Court just refuses to stay this case for an indefinite period of time based upon mere speculation. For the reasons noted above, the Court denies defendant's motion to stay (Doc. 39) and reserves ruling on defendant's motion to dismiss (Doc. 14) and motion to transfer (Doc. 17).

**IT IS SO ORDERED.**

Signed this 15th day of July, 2011.

Digitally signed by David R. Herndon
Date: 2011.07.15 14:20:32 -05'00'

**Chief Judge
United States District Court**