IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLOVERLEAF GOLF COURSE, INC.,**

   **Plaintiff,**

v.

**FMC CORPORATION,**

   **Defendant.**                                             Case No. 11-cv-190-DRH

### ORDER

**HERNDON, Chief Judge:**

On September 16, 2011, President Barack Obama signed into law the Leahy-Smith America Invents Act.  Leahy-Smith America Invents Act, Pub. L. No. 112-29 (125 Stat. 284) (Sep.16, 2011).  Part of this new legislation amended 35 U.S.C. § 292, specifically limiting, among other things, who can sue for the penalty authorized by 35 U.S.C. § 292(a).  *Id.*  Prior to the amendment, any person could sue for the penalty.  See 35 U.S.C. § 292(b).  Now, however, "[o]nly the United States may sue for the penalty authorized by this subsection."  Leahy-Smith America Invents Act, Pub. L. No. 112-29 (125 Stat. 284) (Sep.16, 2011).  The new legislation also amended 35 U.S.C. § 292 by adding the following subsection: "(c) The marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section."  *Id.*  "The

amendments made by this subjection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." *Id.*

Plaintiff Cloverleaf Golf Course, Inc. contends that the retroactivity of amended § 292 is unconstitutional because the retroactivity of the new § 292 is an impermissible deprivation of plaintiff's vested property right; because the retroactive application of the amended § 292 to pending cases violates the Due Process Clause because there is no legitimate legislative purpose for Congress' such retroactive application; because even if there is a legitimate legislative purpose, the amended § 292 is not furthered by a rational means for implementation; and because the retroactive application of the amended § 292 to pending cases violates the Takings Clause. Plaintiff further posits that the amended § 292 conflicts with Article I, Section 8, Clause 8 of the Constitution. The Court disagrees, addressing each argument in turn.

## I. Analysis

"It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976); *INS v. Chadha*, 462 U.S. 919, 944 (1983); *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 198 (2001). "Congress' power to effect a change in the law and to make that change controlling as to pending cases is beyond peradventure." *Deck v. Peter Romein's Sons, Inc.*, 109 F.3d 383,

386 (7th Cir. 1997).

     *A.  Vested Right*

First, the retroactivity of the new § 292 is not an impermissible deprivation of plaintiff's vested property right because plaintiff does not have a vested property right. "A judgment that has become final through exhaustion of all appellate remedies is a property right" subject to the Takings Clause. *Cent. States, Se. & Sw. Areas Pension Fund v. Lady Balt. Foods, Inc.*, 960 F.2d 1339, 1345 (7th Cir. 1992). "The 'vested rights' doctrine starts from the proposition that a judgment, like a deed, is (or identifies) a species of property." *Tonya K. v. Bd. of Educ. of the City of Chi.*, 847 F.2d 1243, 1247 (7th Cir. 1988). "In civil litigation, however, no person has an absolute entitlement to the benefit of legal principles that prevailed at the time the case began, or even at the time of the bulk of the litigation." *Id.* The legislature may, for example, change a statute of limitations, create remedy years after the fact, although an earlier litigation would have been doomed, and may create an obligation to pay attorneys' fees for litigation that preceded the enactment of the statute. *Id.*

Here, plaintiff does not have a vested right that the government could take in this case. Plaintiff had simply filed this qui tam suit when it had standing to do so, but the legislature has chosen to now revoke that standing. At the time the legislation had passed, plaintiff had not established a vested right in this case. Rather, plaintiff had merely filed a complaint and this case had not even proceeded past the motion to dismiss stage. Thus, plaintiff cannot establish that it had a "vested right" within the meaning of Fifth Amendment. See *Paramount Health Sys., Inc. v. Wright*, 138

F.3d 706, 710 (7th Cir. 1998) ("There was no final judgment here and so no taking under the 'vested rights' line of cases just cited."); *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 989 (9th Cir. 1987) ("While a cause of action is considered to be a species of property, as heretofore discussed, those words do not translate into a cognizable taking claim."); *N.Y. Ctr. R.R. Co. v. White*, 243 U.S. 188, 198 (1917) ("No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit."). This is the same conclusion reached by another district court who has decided this issue. See *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, at *19 (N.D. Cal. Dec. 9, 2011) ("Brooks has not obtained any judgment in his favor, let alone a 'final unreviewable judgment,' and thus has no vested property interest in his cause of action."). Even if, however, plaintiff had established a "vested right" within the Fifth Amendment, the Court would still not find that plaintiff has met his burden of showing that the legislation is unconstitutional.

   *B. Legitimate Purpose*

Second, the retroactive application of amended § 292 to pending cases does not violate the Due Process Clause because there is a legitimate legislative purpose for retroactive application. The presumption against statutory retroactivity has no force in cases like this one where the congressional intent is clear. *Deck*, 109 F.3d at 387; see 35 U.S.C. § 292 ("The amendments made by this subjection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act."). Because Congress explicitly intended courts to

apply the amendments to § 292 retroactively, the Court's only inquiry is whether Congress' intent comports with due process. *Deck*, 109 F.3d at 387. The due process standard guiding this inquiry is one of rationality. *Id.* The Court simply asks whether retroactive application of the amendments to § 292 is rationally related to a legitimate legislative purpose. *Id.*

Here, the Court finds that the retroactive application of the amendments to § 292 is rationally related to a legitimate legislative purpose. The Congressional Record indicates that Congress amended § 292 in order to eliminate frivolous lawsuits that burden the courts, including the recent surge of false marking cases, and to create jobs by allowing companies to spend money on hiring workers rather than fighting off frivolous false marking suits. These are legitimate purposes. See *Hughes v. Tobacco Institute Inc.*, 278 F.3d 417, 425 (5th Cir. 2001) (finding that a rational relationship existed between the Texas legislature's enactment and its objective to abrogate frivolous lawsuits it perceived as wasting judicial time and money). Other district courts considering the matter have concluded the same. See *Public Patents Founds., Inc., v. McNeil-PPC, Inc.,* 09 Civ. 5471 (KBF), 2012 U.S. Dist. LEXIS 21733, at *3 (S.D. N.Y. Feb. 16, 2012) (noting that "[d]istrict courts that have considered the question agree that the enactment of the retroactivity provision furthered a legitimate legislative purpose" and finding the retroactivity provision constitutional); *Seirus Innovative Accessories, Inc. v. Cabela's Inc.*, No. 09-CV-102 H (WMC), 2011 U.S. Dist. LEXIS 145307, at *5-6 (S.D. Cal. Oct. 19, 2011) ("The Court concludes that Congress enacted AIA for a legitimate purpose, and Congress

clearly intended for AIA to apply retroactively.").

### C. Rational Means

Third, amended § 292 is furthered by a rational means for implementation. Applying amended § 292 retroactively is a rational means towards eliminating frivolous lawsuits so that companies could focus on hiring workers. Plaintiff has failed to meet its burden of showing that this was an irrational means. See *Deck*, 109 F.3d at 387-88 ("As the party asserting a due process violation, it is Deck's burden to show that Congress acted in an arbitrary and irrational manner by directing that the 1995 amendment be applied retroactively."). "The Supreme Court has long held that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Id.* at 388. Again, another district court that has considered this issue has come to the same conclusion. See *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, at *14 (N.D. Cal. Dec. 9, 2011) ("The Court finds that Congress, by eliminating the qui tam provision in § 292, rationally furthered a legitimate legislative purpose by comprehensively reducing the costs and inefficiencies associated with the 'cottage industry' of false marking litigation that developed after the Federal Circuit's decision in [*Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1925 (Fed. Cir. 2009)].").

### D. Takings Clause

Fourth, the retroactive application of the amended § 292 to pending cases does not violate the Takings Clause. In fact, plaintiff's claim, assuming a taking actually occurred, appears premature.

The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for 'public use' and upon payment of 'just compensation.'" *Landgraf v. USI Film Products*, 511 U.S. 244, 566 (1994). The Fifth Amendment does not prohibit the taking of private property. *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 11 (1990). Rather, it is designed to secure compensation if a taking occurs. *Id.* "Furthermore, the Fifth Amendment does not require that just compensation be paid in advance of or even contemporaneously with the taking." *Id.* (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985)). "All that is required is the existence of a 'reasonable, certain and adequate provision for obtaining compensation' at the time of the taking." *Preseault*, 494 U.S. at 11 (quoting *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 124-25 (1974)). "'If the government has provided an adequate process for obtaining compensation, and if resort to the process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking.'" *Preseault*, 494 U.S. at 11 (quoting *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. at 194-95). "For this reason, 'taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act.'" *Preseault*, 494 U.S. at 11 (quoting *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. at 195). "The Tucker Act provides jurisdiction in the United States Claims Court for any claim against the Federal Government to recover damages founded on the Constitution, a statute, a regulation, or an express or implied in-fact contract."

*Preseault*, 494 U.S. at 11-12 (citing 28 U.S.C. § 1491(a)(1)); see also 28 U.S.C. § 1346(a)(2) (setting forth the provisions for the Little Tucker Act which creates concurrent jurisdiction in the district courts for such claims not exceeding $10,000 in amount). Thus, assuming plaintiff's claim exceeds $10,000, plaintiff's claim against the United States belongs exclusively in the Court of Federal Claims. If, however, plaintiff's claim is for less than $10,000 then plaintiff should file a new civil claim against the United States in either this Court or the Court of Federal Claims. That is, unless plaintiff is merely seeking a declaratory judgment as to whether the amendments to § 292 are constitutional, which the Court has jurisdiction to hear and has decided herein. See *E. Enters. v. Comm'r of Soc. Sec.*, 524 U.S. 498, 519-22 (1998). The other district courts to have considered this issue have come to similar conclusions. See *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 U.S. Dist. LEXIS 141942, at *17 (N.D. Cal. Dec. 9, 2011) ("This Court thus cannot invalidate the retroactive amendments to § 292 under the theory that they operate as an unconstitutional taking by the government until Brooks brings his takings claim against the United States, and it is determined that he has had a property right taken by the government without just compensation."); *Seirus Innovative Accessories, Inc. v. Cabela's Inc.*, No. 09-CV-102 H (WMC), 2011 U.S. Dist. LEXIS 145307, at *5-6 (S.D. Cal. Oct. 19, 2011) ("Cabela's argues that the Takings Clause provides a safeguard against retrospective legislation concerning property rights. Cabela's overlooks the fact that a succesful Takings Clause argument involves a taking of 'vested property rights' 'for public use.' [Citations]. There is no showing of a public

use associated with Cabela's assertion that AIA destroyed its false marking claim, or that Cabela's would prevail on its false marking claim.").

   *E. Conflict with Constitution's "limited Times" Language*

Lastly, amended § 292 does not conflict with Article I, Section 8, Clause 8 of the Constitution. Plaintiff argues that by amending § 292(c) to state that "[t]he marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section," 35 U.S.C. § 292, it "clashes" with the limited patent grant of Article I, Section 8, Clause 8, section c, which provides that "[t]o promote the Progress and Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries," U.S. CONST. art. I, § 8, cl. 8(c). Plaintiff suggests that "[b]y authorizing former patent holders to continue to mark their products as patented, when in fact they are not, section (c) ignores the limited time mandate." As a result, plaintiff derives that this conflicts with Article I, Section 8, Clause 8 of the Constitution and is therefore unconstitutional. The Court disagrees. Plaintiff has failed to provide any applicable case law in support of this stretched, unconvincing argument and certainly has not met its burden to overcome the presumption that amended § 292 is constitutional.

## II. Conclusion

Because the Court finds the amendments to § 292 are constitutional, plaintiff lacks standing to bring this suit and the case must be dismissed. Defendant's pending motion to transfer (Doc. 17) and motion to dismiss (Doc. 68) are denied as

moot. The case is closed. The Clerk is ordered to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 20th day of March, 2012.

David R. Herndon
2012.03.20
09:38:42 -05'00'

**Chief Judge
United States District Court**